White, J.
Several questions are presented in this ease which did not arise in the ease of Ehrman v. The Union Central Life Ins. Co., ante, p. 324.
*348 1. As to the questions arising on the first defense.
It appears from the evidence that the first mortgage was assigned to the superintendent of insurance under the act of April 27, 1872, and that it was reassigned by him to the Home Mutual Company on January 3, 1874. It does not appear that the second mortgage was ever deposited or assigned, either to the auditor of state, under the act of April 16, 1867 (S. & S. 218), or to the superintendent of insurance, under the act of April 27, 1872 (69 Ohio L. 150).
Under the act last named (chap. 2, § 9), the superintendent was authorized to permit the company to withdraw any part of the securities deposited, on depositing other securities of equal value ; and by section 22 of the act of March 12, 1872 (69 Ohio L. 39), he was authorized to deliver up to the company, or its assigns, any portion of such securities, on being satisfied that an equal portion of the debts and liabilities of the company had been satisfied, provided the amount of the securities retained was not less than twice the amount of the remaining liabilities.
Like authority was vested in the auditor of state by the act of April 16, 1867.
There is uo evidence that the superintendent of insurance was not warranted in reassigning the mortgage to the Home Mutual Company; and in the absence of such evidence, it will be presumed that the reassignment was properly made, irrespective of the affirmative evidence showing that the indebtedness and liabilities of the company have been discharged.
As to whether a demand of payment was necessary, and, if so, by whom such demand should be made.
The action was brought on the mortgages alone, and to subject the mortgaged premises to sale. It seems clear to us that demand of payment of the notes was necessary to work a breach of the condition in the mortgages. The condition in the mortgage required sixty days to elapse, after demand, before the mortgagor would become in default, and until default no right of action would accrue on *349 the mortgage. Demand is necessary, in order to determine when the sixty days are to commence.
In determining by whom the demand may be made, reference should be had to the statute, under which the company was operating, and under which the mortgages were executed to the company. It was not made a condition to the taking effect or validity of the mortgages that they should be deposited with the auditor of state; nor that, if they should be so deposited, they might not be surrendered to the company “ or its assigns,” as provided for in the statute. Construing the mortgages, therefore, in connection wnth the statute, we think the demand may be made by any party to whom they belong and who is entitled to collect the money they were given to secure; and that the provision requiring the demand to be made by the auditor was intended to be operative only in case they should be deposited with him, and remain under his control, in accordance with the provisions of the statute.
2. The proposition relied on in this case, that the plaintiff' acquired no title to the notes and mortgages, by reason of the ultra vires character of the agreement entered into by the companies on the 13th of October, 1871, was determined in the negative in the case of Ehrman, already referred to. It was also held in that case that the mere fact that the party giving the note was a stockholder in the Home Mutual Company, would not affect the right of the Union Central Company to recover on the note, in the ab7 senee of any showing that the transfer of the note was to his injury or prejudice as such stockholder.
The only remaining question, not determined by that ease, arises on th.e fifth defense.
It appears from the evidence given under the issue raised on this defense, that the notes secured by the mortgages now in question, were given for unpaid balances on the stock subscription of the defendant, -to the Home Mutual Company.
The evidence also shows that the purpose of the companies in entering into the agreement of the 13th of Oe *350 tober, 1871, was not, as averred in this 'defense, to destroy tbe business of tlae Home Mutual Company, and to make its stock valueless; nor did the stock become of no value by reason of the transfer's made in pursuance of the agreement. The Home Mutual Company was insolvent, and unable successfully to further prosecute its business. The purpose of the company in entering into the agreement appears to have been to pay its debts and to save its stockholders from further liability; and the performance of the agreement by the parties appears to have had that effect. Instead of the stockholders being injured by the transaction, the evidence shows them to have been largely benefited.
The only remaining question, therefore, on this branch of the case, which distinguishes it from the case of Ehrman, is, whether the fact that the notes and mortgages were given for the consideration above stated, places the defendant in a better situation as respects his liability thereon, than he would have been in, had they been given for money borrowed of the company.
Counsel for the defendant contend that this suit is to be regarded as a suit against a stockholder on his stock subscription ; and not as a suit against a debtor of the company for money borrowed.
The statute under which the company was operating provides as follows: “No company shall be organized under this act with a less capital than one hundred thousand dollars. The whole capital of such company shall, before proceeding to business, be paid in and invested in treasury notes, or in stocks of the United States, . . . or in mortgages or unincumbered real estate within the State of Ohio, worth double the amount loaned thereon.” . . .
Under this statute, as between the parties to the transaction, the stock -must be regarded as paid in, and the notes and mortgages as given for money loaned or invested by the company. Such was doubtless the understanding of the parties at the time of the transaction. It *351 is the same, in effect, as if the stock subscription bad been paid to the company, and the money had then been loaned to the defendant on the mortgage security. The liability of the defendant on the mortgages is no less than that of any other borrower; nor do his rights as a stockholder, stand on any better footing than those who paid for their, stock, but borrowed nothing from the company.
It is to be implied from the journal entry that the court found all of the issues in favor of the defendant. In thus finding the court erred. All of the issues should have been found for the plaintiff, except the one relating to the demand of payment. That issue was properly found for the defendant. The findings, therefore, upon all the other issues are set aside; and the judgment is so modified as to show that the action is dismissed on the ground that it was prematurely brought.